COPY

FILED

Eric R. Maier (SBN 182808)
MAIER SHOCH LLP
1001 Hermosa Ave., Ste. 206
Hermosa Beach, CA 90254
Telephone: (310) 994-9480
Facsimile: (310) 496-0985
EMaier@MaierShoch.com

Attorneys for Plaintiffs

2013 JUL 30 PM 3:38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MAIER PC, a California corporation;
MAIER SHOCH LLP; a California
limited liability partnership; and ERIC R.
MAIER, an individual,

Plaintiffs,

v.

LEVINE MEDICAL, LLC, a Florida
limited liability company; and SUSAN W.
LEVINE, an individual,

Defendants.

Case No. **CV13-05506**-RSWL
(AJWx)

**COMPLAINT FOR**
(1) **VIOLATION OF 15 U.S.C. § 8131**
(2) **DECLARATORY RELIEF**
(3) **CONVERSION**
(4) **BREACH OF FIDUCIARY DUTY**

**DEMAND FOR JURY TRIAL**

Plaintiffs Maier PC, Maier Shoch LLP, and Eric R. Maier ("Eric Maier") (collectively, "Plaintiffs"), for their Complaint against Levine Medical, LLC ("Levine Medical") and Susan W. Levine ("Susan Levine") (collectively, "Defendants"), allege as follows:

## INTRODUCTION

1.    Defendant Susan Levine is the mother of Plaintiff Eric Maier's wife, Shana Levine Maier (hereinafter, "Shana").  From 2006 through 2012, Susan Levine provided bookkeeping, accounting, and information technology services to Eric Maier's law firms, Plaintiffs Maier PC and Maier Shoch LLP.  In January 2013, Eric Maier and Shana decided to divorce.  Susan Levine's response to news of the divorce gives rise to this lawsuit.  Among other things:

a.    In late February 2013, Susan Levine revealed that her company, Levine Medical, was the entity that registered the domain name "MaierShoch.com" in 2007 (and then, in *mid-February 2013,* registered *48 other domain names* containing the words "Maier" and "Shoch"), and she advised that she would hold the domain name hostage until and unless Eric Maier ceded to her and her daughter's financial demands in the divorce action.

b.    Beginning in April 2013, Susan Levine has repeatedly asserted that she and/or Levine Medical loaned more than $300,000 to Eric Maier, Maier PC, and/or the marital estate of Eric Maier and Shana, and that they are obligated to repay this money.  Bank records show that, in reality, Susan Levine abused her access to Maier PC's bank account and periodically used the account as a conduit to funnel money from Levine Medical's corporate account to Shana in order to support the lifestyle to which Shana was accustomed before marrying Eric Maier.  Susan Levine's assertions that Eric Maier, Maier PC, and/or the marital estate owes her more than $300,000 is an apparent ploy to get more money from Eric Maier in the divorce, and it has interfered with the resolution of the divorce.

2. By this action, Plaintiffs seek to redress their rights under 15 U.S.C. § 8131 to recover the domain names that Susan Levine and Levine Medical have pirated in an attempt to extort an unreasonable divorce settlement. Plaintiffs also seek declaratory relief that the money that Susan Levine funneled to her daughter through Levine Medical and Maier PC were not loans to any of the Plaintiffs or to the marital estate. But in the event they were loans, Plaintiffs seek to recover damages for conversion and breach of fiduciary duty, because Susan Levine used her access to Maier PC's bank accounts to remove the purported loan proceeds from Maier PC's account immediately after they reached the account.

## THE PARTIES

3. Plaintiff Maier PC is a California corporation with its principal place of business in Los Angeles County, California.

4. Plaintiff Maier Shoch LLP is a California limited liability partnership with its principal place of business in Los Angeles County, California.

5. Plaintiff Eric R. Maier is an individual who resides and is domiciled in Hermosa Beach, California.

6. Defendant Levine Medical, LLC is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

7. Defendant Susan W. Levine is an individual who resides and is domiciled in Hillsborough County, Florida.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over all of the claims in this Complaint pursuant to 28 U.S.C. ¶ 1332 because the matter in controversy exceeds the sum of $75,000, and the Plaintiffs are citizens of a different state from all Defendants. In addition, the Court has subject matter jurisdiction over at least one of the claims in the Complaint pursuant to 28 U.S.C. §§ 1331 because at least one of the claims arises under 15 U.S.C. § 8131.

Maier Shoch LLP

COMPLAINT AND DEMAND FOR JURY TRIAL

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

10.    Plaintiff Eric Maier is a licensed attorney who has practiced law in Los Angeles since 1999.

11.    In 1999, Eric Maier met Susan Levine's daughter, Shana, in Los Angeles, and they began dating.

12.    Eric Maier and Shana married in 2003 and began living together as a married couple in Los Angeles.

13.    For years, at least since the time Eric Maier first met her, Susan Levine has represented herself as an expert in information technology and as a person who knew everything about computers and computer systems running Microsoft programs and applications.

14.    In 2006, Eric Maier resigned from his employment at a Los Angeles law firm and formed a law firm called Maier PC.  Maier PC's office was located in downtown Los Angeles.

15.    In 2006, when Eric Maier was in the process of setting up Maier PC's operations in Los Angeles, Susan Levine came to Los Angeles from her home in Florida to set up the computer network for Maier PC in its offices in downtown Los Angeles.

16.    In 2006, when Eric Maier was in the process of setting up Maier PC's operations in Los Angeles, Susan Levine volunteered to secure the domain name "Maier PC" for Maier PC to use for its email system and its internet website. Unbeknownst to Eric Maier at the time, Susan Levine, who is a managing member of Levine Medical, registered "Maier PC" to Levine Medical instead of to Eric Maier or Maier PC.

Maier Shoch LLP

3

COMPLAINT AND DEMAND FOR JURY TRIAL

17.   In 2006 and 2007, Susan Levine provided information technology services to Maier PC, and she served as the bookkeeper, accountant, and administrator for Maier PC.

18.   In 2007, Eric Maier and another attorney formed Maier Shoch LLP. Beginning in 2007, Eric Maier practiced law as a partner of Maier Shoch LLP, and no longer practiced law as a principal of Maier PC.  At Susan Levine's direction, Eric Maier did not dissolve Maier PC or its bank account.

19.   In 2007, when Eric Maier and another attorney formed Maier Shoch LLP, Susan Levine performed the information technology tasks necessary for the transition.

20.   In 2007, Susan Levine registered the domain name "Maier Shoch LLP" for Maier Shoch LLP to use for its email system and internet website.  Unbeknownst to Eric Maier at that time, Susan Levine registered the domain name to Levine Medical, instead of to Eric Maier, Maier Shoch LLP, or the other principal of Maier Shoch LLP.

21.   From 2007 until early 2013, Susan Levine provided information technology services to Maier Shoch LLP, and she served as the bookkeeper, accountant, and administrator for Maier Shoch LLP.

22.   From 2006 until early 2013, Susan Levine had full access to all of the corporate bank accounts maintained by Maier PC and Maier Shoch LLP.  She also had complete access to all of Eric Maier's personal accounts that he maintained jointly with Shana.

23.   In 2007, at the urging of Shana and Susan Levine, both of whom advised that Shana could not raise the couple's children without the assistance of Susan Levine, Eric Maier sold the family's home in Los Angeles and purchased one in Tampa, Florida.  Shana and the two children have lived in Tampa since 2007.  From 2007 through 2012, Eric Maier travelled back and forth between Tampa and Los Angeles, and he lived out of his office in Los Angeles.

24.   Susan Levine and her husband are wealthy, and Shana grew up to be accustomed to a posh lifestyle.  Among other things, Shana received a new Porsche for

her 16th birthday, and she grew up with a private chef and around-the-clock butler, chauffer, and maid service.

25.     Unfortunately, between 2007 and 2012, Eric Maier did not always make enough money to provide Shana with the lifestyle that she and Susan Levine believed she should be living.  In order to ensure that Shana and the couple's children could live in a house they could not afford and could live a lifestyle that Eric Maier could not provide, Susan Levine periodically provided money to Shana.

26.     Between 2006 and 2012, while she acted as the bookkeeper and accountant for Maier PC and Maier Shoch LLP, Susan Levine had access to all of the corporate bank accounts, and she also had access to all of Eric Maier's personal bank accounts, including the ones he maintained jointly with Shana.   Susan Levine regularly accessed these bank accounts for information and to transfer funds, and Eric Maier almost never did so.  In fact, whenever Maier Shoch LLP paid its principals salary or distributions, it was Susan Levine who would transfer Eric Maier's salary or distributions directly from the corporate account to the joint account maintained by Eric Maier and Shana.

27.     On numerous occasions between 2007 and 2012, and particularly during 2011 and 2012, Susan Levine's daughter advised Susan Levine that she needed more money than Eric Maier was generating as an attorney, and Susan Levine provided it.

28.     Though Eric Maier was aware that Susan Levine had provided money to support her daughter's lifestyle, he did not know the details of these transactions.  For one thing, he did not know the amount or the frequency of these transactions.  Also, he did not know that in order to provide money to Shana, Susan Levine caused her company, Levine Medical, to transfer funds to the corporate bank account maintained by Maier PC, and then Susan Levine would immediately transfer those funds from Maier PC's corporate account to the joint account maintained by Eric Maier and Shana.

29.     In early 2013, Eric Maier and Shana advised family members that they planned to divorce.

30.     In February 2013, Susan Levine had a telephone conversation with Eric Maier in which she demanded a specific sum of money to settle the divorce between Eric Maier and his wife.  When Eric Maier expressed some hesitancy about the proposal, Susan Levine urged Eric Maier to consider how generous she and her husband had been over the past few years.  Eric Maier did not find the proposal to be reasonable or fair, and he was not comfortable dealing with Susan Levine instead of directly with his wife, so he did not agree to the proposal.

31.     On or about February 26, 2013, Susan Levine had a telephone conversation with Eric Maier in which she advised him that it was she who registered Maier Shoch LLP's internet domain name, "MaierShoch.com," in 2007, and that she registered it to Levine Medical.  Susan Levine told Eric Maier that she would keep the domain name, to the exclusion of Maier Shoch LLP, until and unless Eric Maier agreed to a divorce settlement that satisfied her—*i.e.* the proposal she had made earlier in February.

32.     Between February 16, 2013 and February 18, 2013, in preparation for her February 26, 2013 extortion attempt, Susan Levine caused Levine Medical to purchase and register 48 additional domain names containing the words "Maier" and "Shoch," the names of the two principals of Maier Shoch LLP.  During that two-day period, Defendants registered and purchased the following domain names:

(1) Maier-Shoch.biz;

(2) Maier-Shoch.co;

(3) Maier-Shoch.com;

(4) Maier-Shoch.info;

(5) Maier-Shoch.net;

(6) Maier-Shoch.org;

(7) Maier-Shoch.us;

Maier Shoch LLP

1     (8) Maier-ShochLaw.co;

2     (9) Maier-ShochLaw.com;

3     (10) Maier-ShochLaw.net;

4     (11) Maier-ShochLawLLP.co;

5     (12) Maier-ShochLawLLP.com;

6     (13) Maier-ShochLawLLP.net;

7     (14) Maier-ShochLLP.biz;

8     (15) Maier-ShochLLP.co;

9     (16) Maier-ShochLLP.com;

10    (17) Maier-ShochLLP.info;

11    (18) Maier-ShochLLP.net;

12    (19) Maier-ShochLLP.org;

13    (20) Maier-ShochLLP.us;

14    (21) Maier-ShochLLPLaw.co;

15    (22) Maier-ShochLLPLaw.com;

16    (23) Maier-ShochLLP.net;

17    (24) MaierShoch.biz;

18    (25) MaierShoch.co;

19    (26) MaierShoch.info;

20    (27) MaierShoch.net;

21    (28) MaierShoch.org;

22    (29) MaierShoch.us;

23    (30) MaierShochLaw.co;

24    (31) MaierShochLaw.com;

25    (32) MaierShochLaw.net;

26    (33) MaierShochLawLLP.co;

27    (34) MaierShochLawLLP.com;

28    (35) MaierShochLawLLP.net;

(36) MaierShochLLP.biz;

(37) MaierShochLLP.co;

(38) MaierShochLLP.com;

(39) MaierShochLLP.info;

(40) MaierShochLLP.net;

(41) MaierShochLLP.org;

(42) MaierShochLLP.us;

(43) MaierShochLLPLaw.co;

(44) MaierShochLLPLaw.com;

(45) MaierShochLLPLaw.net;

(46) MSLawLLP.com;

(47) MSLawLLP.net; and

(48) MSLLPLaw.com.

33.     On or about February 21, 2013, the divorce case involving Eric Maier and Shana was commenced in Tampa, Florida.

34.     Since the inception of the divorce proceeding, Susan Levine has asserted, on numerous occasions and in numerous ways, that Eric Maier and/or Maier PC and/or the marital estate of Eric Maier and Shana received "loans" from Susan Levine and/or Levine Medical in the approximate amount of $350,000 and that Eric Maier and/or Maier PC and/or the marital estate are obligated to repay those "loans."  Among other things:

a.     Susan Levine prepared the Financial Affidavit for Shana in the divorce action and included on it a purported debt of approximately $350,000 owed to Susan Levine and her husband by the marital estate.

b.     Susan Levine and Shana have communicated to various third parties that Susan Levine loaned Eric Maier approximately $350,000 and that Eric Maier owes Susan Levine approximately $350,000.

Maier Shoch LLP

COMPLAINT AND DEMAND FOR JURY TRIAL

c.   Shana Levine's divorce attorney, who receives her fees and instructions from Susan Levine rather than from Shana, has asserted in the divorce court that Maier PC received approximately $350,000 in loans from Levine Medical in order to fund his law practice.

35.   The funds that Susan Levine is now calling "loans" were not loans.  They were funds that Susan Levine and Shana determined to be necessary to maintain Shana's lifestyle notwithstanding Eric Maier and Shana's financial circumstances.  Out of spite and anger, or in another misguided attempt to improperly influence the divorce proceedings, Susan Levine has falsely characterized these sums as "loans," and has falsely asserted that Eric Maier and/or Maier PC is obligated to "repay" these "loans" to her and/or Levine Medical.

36.   A determination of the legitimacy of the purported loans are outside the scope of the divorce proceeding involving Eric Maier and Shana, but the assertion of these purported loans as debts of the marital estate has interfered with efforts to resolve the issues that are within the scope of the divorce proceeding.

## FIRST CLAIM FOR RELIEF

**(By Maier Shoch LLP and Eric R. Maier against Susan W. Levine and Levine Medical, LLC for Violation of 15 U.S.C. § 8131)**

37.   Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

38.   Defendants have registered and maintained purported ownership of the domain name "Maier Shoch.com" and 48 other domain names containing the words "Maier" and "Shoch."

39.   Eric Maier is one of the principals of Maier Shoch LLP.

40.   Eric Maier did not give Defendants permission to register any of the 49 domain names.

41.   Defendants registered and maintained the domain names with the specific intent to profit from owning the domain names by holding the names, including

Maier Shoch LLP

9

"MaierShoch.com," hostage until Eric Maier paid Shana the divorce settlement Susan Levine demanded.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment That None Of Plaintiffs Are Indebted To Any Of Defendants For Outstanding Loan(s))

42.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

43.     An actual controversy exists between Plaintiffs and Defendants concerning the existence and validity of approximately $350,000 in purported loans that Defendants assert they made to one or more Plaintiffs.

44.     Plaintiffs are entitled to a declaratory judgment that (a) Defendants and/or anybody affiliated with Defendants did not make any loans to any of the Plaintiffs, including the approximately $350,000 in loans that Defendants assert they made; and (b) none of the Plaintiffs are indebted to any of the Defendants for repayment of any purported loans, including the approximately $350,000 in loans Defendants assert they made.

## THIRD CLAIM FOR RELIEF

### (By Plaintiffs Eric Maier and Maier PC against Defendant Susan Levine For Conversion)

45.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

46.     In the event that, as Defendants assert, the funds transferred from Levine Medical to Maier PC constituted loans creating a repayment obligation, then Eric Maier and/or Maier PC had the right to possession of those specific funds that were transferred to Maier PC.

47.     Susan Levine used her access to Maier PC's bank account and, without authorization, removed all of the purported loan funds almost immediately after they

were transferred into the account, and she transferred the funds to Shana to use to fund her lifestyle in Florida while Eric Maier slept on a sofa in his office in Los Angeles.

48.     In the event the funds transferred from Levine Medical to Maier PC constitute loans creating a repayment obligation, Susan Levine's conversion of those funds caused Eric Maier to incur more than $350,000 in damages.

## FOURTH CLAIM FOR RELIEF

### (By Plaintiffs Eric Maier and Maier PC against Defendant Susan Levine For Breach Of Fiduciary Duty)

49.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 36 as if fully set forth herein.

50.     Eric Maier and Maier PC gave their confidence and trust to Susan Levine by, among other things, giving her access to their bank accounts for the purpose of performing bookkeeping and accounting work, and Susan Levine accepted this confidence and trust.

51.     In the event that, as Defendants assert, the funds transferred from Levine Medical to Maier PC constituted loans creating a repayment obligation, then Eric Maier and/or Maier PC had the right to possession of those specific funds that were transferred to Maier PC.

52.     Susan Levine breached the confidence and trust of Eric Maier and Maier PC by using her access to Maier PC's bank account and, without authorization, removing all of the purported loan funds almost immediately after they were transferred into the account, and transferring the funds to Shana to use to fund her lifestyle in Florida while Eric Maier slept on a sofa in his office in Los Angeles.

53.     In the event the funds transferred from Levine Medical LLC to Maier PC constitute loans creating a repayment obligation, Susan Levine's conversion of those funds constitutes a breach of her fiduciary duties, which caused Eric Maier and/or Maier PC to incur more than $350,000 in damages.

Maier Shoch LLP

11

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For injunctive relief, including the forfeiture or cancellation of the domain names or the transfer of the domain names to Plaintiffs;

2.     For a judicial determination and declaration that (a) Defendants and/or anybody affiliated with Defendants did not make any loans to any of the Plaintiffs, including the approximately $350,000 in loans that Defendants assert they made; and (b) none of the Plaintiffs are indebted to any of the Defendants for repayment of any purported loans, including the approximately $350,000 in loans Defendants assert they made.

3.     In the event the Court determines that Defendants actually loaned money to Eric Maier and Maier PC, for compensatory damages for conversion and breach of fiduciary duty in an amount of approximately $350,000, with the exact amount to be proven at trial.

4.     For Plaintiffs' legal fees and expenses incurred in this action; and

5.     For such other and further relief as the Court may deem just and proper.

Dated:  July 30, 2013

By:_____
Eric R. Maier

Attorneys for Plaintiffs
MAIER PC, MAIER SHOCH LLP and
ERIC R. MAIER

COMPLAINT AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury in this action with respect to those matters triable to a jury.

Dated:  July 30, 2013

By:_____
                Eric R. Maier

Attorneys for Plaintiffs
MAIER PC, MAIER SHOCH LLP and
ERIC R. MAIER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 5506 RSWL (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

Eric R. Maier, SBN 182808
Maier Shoch LLP
1001 Hermosa Ave., Ste. 206
Hermosa Beach, CA 90254
(310) 994-9480 voice; (310) 496-0985 fax
EMaier@MaierShoch.com

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIER PC, a California corporation; MAIER SHOCH LLP; a California limited liability partnership; and ERIC R. MAIER, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>LEVINE MEDICAL, LLC, a Florida limited liability company; and SUSAN W. LEVINE, an individual,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-05506**-RSWL (FFMx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __*21*__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Eric R. Maier</u>, whose address is <u>1001 Hermosa Ave., Ste. 206, Hermosa Beach, CA 90254</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 3 0 2013__

By: __MARILYN DAVIS__
Deputy Clerk

(Seal of the Court)
1227

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Maler PC, a California corporation<br>Maler Shoch LLP, a California limited liability partnership<br>Eric R. Maler, an individual | Levine Medical, LLC, a Florida limited liability company<br>Susan W. Levine, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Eric R. Maler<br>Maler Shoch LLP<br>1001 Hermosa Ave., Ste. 206; Hermosa Beach, CA 90254<br>(310) 994-9480 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 350,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 8131 —violation of Anti-Cybersquatting Consumer Protection Act
Additional causes of action pursuant to 28 USC §1332

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:**<br>☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY**<br>☐ 310 Airplane | **PERSONAL PROPERTY**<br>☐ 370 Other Fraud | **Other:**<br>☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY**<br>☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment<br>☐ 446 American with Disabilities-Other<br>☐ 448 Education | ☐ 790 Other Labor Litigation<br>☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   **CV13-05506**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

### IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All plaintiffs - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | All defendants -- Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims -- Los Angeles County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

### X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): _____   DATE: July 30, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |